**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JIMMY TODD KIRKSEY, | No. 13-99009 |
| Petitioner - Appellant, | D.C. No. 2:97-cv-00333-LRH-PAL |
| v. | |
| RENEE BAKER, Warden; et al., | MEMORANDUM[*] |
| Respondents - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Larry R. Hicks, District Judge, Presiding

Argued and Submitted July 6, 2015
San Francisco, California

Before: TALLMAN, M. SMITH, and MURGUIA, Circuit Judges.

Jimmy Kirksey appeals from the district court's dismissal as untimely and/or

procedurally defaulted of several claims raised in his 28 U.S.C. § 2254 habeas

petition, and denial on the merits of his remaining claims. We have jurisdiction

under 28 U.S.C. § 2253, and we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

## I

The district court found that all but three of Kirksey's claims were procedurally defaulted. Kirksey argues that the district court erred in concluding that Kirksey did not show adequate cause and prejudice to excuse the procedural default. *See Murray v. Carrier*, 477 U.S. 478, 488 (1986).

Kirksey claims that his late discovery of evidence that the state trial court authored the supplemental competency report of Dr. Franklin Master is adequate cause to excuse Kirksey's default of Claims 1, 2, 3(B), and 4. But the report was available to Kirksey's trial counsel well before Kirksey pleaded guilty, affording counsel plenty of time to explore any doubts about its authorship while the original proceedings were ongoing. *See Murray*, 477 U.S. at 488.

Kirksey argues that his original post-conviction counsel rendered ineffective assistance in failing to raise evidence that the state trial court wrote Dr. Master's supplemental competency report, and that counsel's ineffective assistance is adequate cause for Kirksey's default of Claim 24. *See Martinez v. Ryan*, 132 S. Ct. 1309, 1320 (2012). The district court correctly rejected this argument because Kirksey has not shown prejudice. Even if post-conviction counsel could have demonstrated that the state trial court wrote the report for Dr. Master's signature, that fact alone would not sustain a claim that the court was biased against Kirksey.

*See Strickland v. Washington*, 466 U.S. 668, 691, 694 (1984); *Smith v. Mahoney*, 611 F.3d 978, 997 (9th Cir. 2010) (explaining that judicial bias will be found "[o]nly in the most extreme of cases" (alterations and quotation marks omitted)).

Kirksey argues that he has presented sufficient "new reliable evidence" of his actual innocence to excuse procedural default of all his claims. *See Schlup v. Delo*, 513 U.S. 298, 316, 324 (1995). But the prosecutor's argument at the trial of Kirksey's accomplice was not evidence. *See D'Aquino v. United States*, 192 F.2d 338, 366-67 (9th Cir. 1951). Further, contrary to Kirksey's argument, the medical examiner's testimony before the grand jury that blunt trauma to the head caused the victim's death was internally consistent. Finally, although Kirksey's accomplice's testimony in post-conviction proceedings was incompatible with Kirksey's own admission to intentionally beating the victim to death, Kirksey supplies no reason why a jury would more likely than not believe the accomplice's version of events over Kirksey's. *See Schlup*, 513 U.S. at 327.

## II

On the merits, as to Claim 3(D), Kirksey has presented no evidence to suggest that he would have insisted on going to trial if counsel had mounted a more vigorous investigation of the charge against Kirksey. Accordingly, the Nevada

3

Supreme Court reasonably held that any deficiency in trial counsel's investigation did not cause Kirksey prejudice. *See Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

As to Claim 10, the state court determined that Judge Lehman did not violate Kirksey's constitutional right to be present during critical proceedings when the judge contacted Dr. Master off the record about a previously submitted competency report. Kirksey has not shown that this determination "was contrary to, or an unreasonable application of, clearly established" Supreme Court precedent. 28 U.S.C. § 2254(d)(1). The Supreme Court has never specifically held that a critical proceeding includes a judge's *ex parte* conference with a mental competency expert. *See, e.g.*, *Kentucky v. Stincer*, 482 U.S. 730, 745-47 (1987).

As to Claim 8, the state court concluded that Kirksey's appellate counsel was constitutionally adequate even though counsel failed to order certain transcripts. Again, Kirksey does not explain how this determination was unreasonable. Nor does he explain how the Nevada Supreme Court acted unreasonably when it declined to appoint co-counsel. In addition, Kirksey has not demonstrated that the state court unreasonably rejected his claim that his appellate counsel was ineffective for failing to object to the trial judge's *ex parte* communication with Dr. Master. Kirksey was never deemed incompetent under the appropriate controlling standards for determining competency, *see Godinez v.*

4

*Moran*, 509 U.S. 389, 396 (1993), and Kirksey therefore cannot show that he was prejudiced by the communication, *see Campbell v. Rice*, 408 F.3d 1166, 1172 (9th Cir. 2005) (en banc).

**AFFIRMED.**